```
                UNITED STATES DISTRICT COURT                       FILED
                FOR THE DISTRICT OF COLUMBIA                     AUG 13 2019

                                                            Clerk, U.S. District & Bankruptcy
                                                            Courts for the District of Columbia
```

DALE B. ADAMS,                          )
                                        )
          Plaintiff,               )
                                        )
v.                                      )       Civil Action No. 19-1772 (UNA)
                                        )
UNITED STATES DEPARTMENT                )
OF JUSTICE, *et al.*,                   )
                                        )
          Defendants.              )

## MEMORANDUM OPINION

A *pro se* litigant's pleadings are held to less stringent standards than would be applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

This plaintiff submitted an "Affidavit by Plaintiff Dale B. Adams Affirming Complaint" which the Court construed as a civil complaint. It failed to include a short and plain statement of a claim and a demand for particular relief, and thus did not comport with Rule 8(a). The plaintiff since has filed a motion for leave to amend his complaint, the factual allegations of which are so vague and conclusory that the proposed amended complaint not only falls short of the Rule 8(a) pleading standard but also fails to state a plausible claim against the past and present Attorneys General, Deputy Attorneys General and agency heads named as defendants to this action. To the extent that the plaintiff is challenging determinations by the Social Security Administration in Arkansas, he may bring those claims in a federal district court in Arkansas. And, as a *pro se* litigant, the plaintiff can bring claims only on his own behalf; he may not, as he appears to do, seek relief on behalf of Cherie Adams.

The Court will grant the plaintiff's application to proceed *in forma pauperis*, deny the plaintiff's motions without prejudice, and dismiss the case without prejudice. An Order is issued separately.

_____
United States District Judge

DATE: August 12, 2019